219 F.3d 240 (3rd Cir. 2000)
 OMNIPOINT COMMUNICATIONS ENTERPRISES, L.P.
v.
NEWTOWN TOWNSHIP; ZONING HEARING BOARD OF NEWTOWN TOWNSHIP, Appellants in No. 99-1453,
OMNIPOINT COMMUNICATIONS ENTERPRISES, L.P., Appellant in No. 99-1455,
v.
NEWTOWN TOWNSHIP; ZONING HEARING BOARD OF NEWTOWN TOWNSHIP,
OMNIPOINT COMMUNICATIONS ENTERPRISES, L.P.
v.
NEWTOWN TOWNSHIP; ZONING HEARING BOARD OF NEWTOWN TOWNSHIP, Appellants in No. 99-1458
 Nos. 99-1453, 99-1455 and 99-1458
 UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
 Argued March 20, 2000
Filed July 13, 2000
 
 Bruce A. Irvine, Esquire, David C. Corujo, Esquire (Argued), Fronefield & deFuria, Media, PA, Paola T. Kaczynski, Esquire (Argued), Holstein & Associates, Media, PA, Counsel for Appellants/Cross Appellees.
 Rudolph Garcia, Esquire (Argued), Joseph R. Loverdi, Esquire, Stephen M. Donweber, Esquire, Saul, Ewing, Remick & Saul, Philadelphia, PA, Counsel for Appellee/Cross Appellant.
 Before: MANSMANN, GREENBERG and ALARCON,* Circuit Judges.
 OPINION OF THE COURT
 MANSMANN, Circuit Judge.
 
 
 1
 Newtown Township appeals the District Court's order directing it to allow Omnipoint to install antennas for its Personal Communications System at a designated site within Newtown. Newtown claims that the District Court erred in concluding that its zoning ordinance has the impermissible effect of prohibiting the provision of personal wireless services, in violation of the Telecommunications Act. Further, Newtown claims that the District Court erred in finding that the Zoning Hearing Board's findings and conclusions relating to whether there was a violation of the Telecommunications Act were not supported by substantial evidence. Omnipoint defends the District Court's conclusion and cross-appeals the District Court's conclusion that the enforcement procedures of the Telecommunications Act foreclose a civil rights remedy under 42 U.S.C. 1983.
 
 
 2
 With respect to Newtown's prohibition of the provision of wireless services, the determination must be made, first, about whether there is, in fact, a "significant gap" whereby Newtown is not adequately provided with wireless service, and second, if there is a gap, whether according to Omnipoint's plan, the least intrusive means would be used to bridge it. We conclude that the record before the District Court was insufficient to determine whether or not there is a "significant gap" in wireless services and thus whether or not Newtown's zoning ordinances violated the Telecommunications Act by effectively prohibiting the provision of personal wireless services. We need not, and do not, reach the question of whether the least intrusive means were proposed by Omnipoint to bridge any gap, nor do we reach the section 1983 issue. We will vacate and remand to the District Court with instructions that it remand this case to the Zoning Hearing Board to reconsider the proposed facility in compliance with this opinion, as well as our opinions in APT Pittsburgh Ltd. Part. v. Penn Tp. Butler County of Pennsylvania, 196 F.3d 469 (3rd Cir. 1999) and Cellular Telephone Co. v. Zoning Bd. of Adj. of Ho-Ho-Kus, 197 F.3d 64 (3rd Cir. 1999).
 
 I.
 
 3
 Omnipoint provides personal communications services, essentially portable telephone service, over a network of wireless telecommunications facilities. To provide continuous service to its customers, there must be a series of overlapping cells in a grid pattern. Currently, Omnipoint has a gap in its coverage in Newtown Township and surrounding areas. To fill this gap, Omnipoint entered into a lease allowing it to install antennas on the Newtown Towers apartment building's rooftop. Omnipoint then applied for a building permit to install the antennas, which Newtown's Zoning Officer denied, on the ground that, under Newtown's Zoning Ordinance, the proposed antennas are not a permitted use or accessory use in the Apartment-Office District, the district in which Newtown Towers is located.
 
 
 4
 Omnipoint appealed the decision to the Zoning Hearing Board of Newtown, based upon both the Zoning Officer's finding that the antennas were not a permitted or accessory use and an alleged violation of the Telecommunications Act, 47 U.S.C. 332(c)(7)(B). Following public hearings through the spring of 1998, the Zoning Hearing Board denied Omnipoint's appeal.
 
 
 5
 Omnipoint then filed an action in District Court against Newtown Township, alleging a violation of the Telecommunications Act, a violation of the Civil Rights Act, and a violation of state zoning law. The parties filed Cross-Motions for Summary Judgment.
 
 
 6
 The District Court granted Omnipoint's Motion for Summary Judgment and denied Newtown's Motion for Summary Judgment; the District Court, nevertheless, denied Omnipoint's claim for attorney's fees under the Civil Rights Act, and granted Newtown's Motion for Summary Judgment as to this claim only.
 
 
 7
 Our standard of review upon the grant of summary judgment is plenary. Horowitz v. Federal Kemper Life Assur., 57 F.3d 300 (3rd Cir. 1995) On review, an appellate court is required to apply the same test the District Court should have used initially. Id. Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not any genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). One of the rule's principal purposes is to dispose of factually unsupported claims or defenses. Celotex v. Catrett, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). In considering a motion for summary judgment, we examine all the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 257, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Summary judgment must be granted if the party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex, 477 U.S. at 323. When the moving party does not bear the burden of proof, summary judgment is warranted by demonstration of an absence of facts to support the non-moving party's case. Id. at 325.
 
 
 8
 The Telecommunications Act was an "overhaul of the federal regulation of communications companies." Cellular Tel. v. Oyster Bay, 166 F.3d 490, 492-93 (2d Cir. 1999). It was designed:
 
 
 9
 to provide for a pro-competitive, de-regulatory national policy framework designed to accelerate rapidly private sector deployment of advanced technologies and services . . . by opening all telecommunications markets to competition. . . .
 
 
 10
 Id. at 493 (quoting H.R.Conf.Rep. No. 104-458, at 206 (1996)). As the District Court stated, the Act was intended to promote competition by limiting the ability of local authorities to regulate and control the expansion of telecommunications technologies. For example, under the Act, courts review telecommunication zoning denials more closely than standard zoning decisions. Oyster Bay, 166 F.3d at 493.
 
 
 11
 Two provisions of the Act are at issue in this case. The first provision at issue here provides:
 
 
 12
 The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof--
 
 
 13
 * * *
 
 
 14
 (II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services.
 
 
 15
 47 U.S.C. 332(c)(7)(B)(i)(II) (Supp.III). With respect to this provision of the Act, Omnipoint claims that the City's decision has the effect of prohibiting personal wireless services.
 
 
 16
 Omnipoint's second claim, that regarding "substantial evidence," arises under the following provision:
 
 
 17
 Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.
 
 
 18
 47 U.S.C. 332(c)(7)(B)(iii) (Supp. III 1997).
 
 II.
 
 19
 On appeal, Newtown challenges the District Court's holding in Omnipoint's favor that the Newtown zoning ordinances had the effect of prohibiting the provision of personal wireless services in violation of the Telecommunications Act, because it left Omnipoint unable to fill its gap in service.[1] Omnipoint had challenged Newtown's Zoning Hearing Board's denial of permission to construct communications antennae as violating the Telecommunications Act, because under the zoning ordinances the antennae are not a permitted use anywhere within Newtown.
 
 
 20
 While the Telecommunications Act recognizes local governments' right to exercise their land use authority over personal wireless services, 47 U.S.C. 332(c)(7), it places both substantive and procedural limitations on this authority. Principally at issue here is the Telecommunications Act's provision that "the regulation of the placement, construction or modification of wireless service facilities by any State or local government or instrumentality thereof. . . shall not prohibit or have the effect of prohibiting the provision of wireless services." 47 U.S.C. 332(c)(7)(B). The Telecommunications Act also includes the procedural safeguards that any decision adverse to a wireless provider be in writing and that the decision must be supported by "substantial evidence". 47 U.S.C. (c)(7)(B)(iii). Omnipoint alleges that the Zoning Board's decision in this case was not supported by "substantial evidence."
 
 
 21
 Omnipoint has presented evidence of a gap in coverage in its wireless services in Newtown and surrounding areas, including portions of the West Chester Pike and Route 252. Omnipoint argues that if the Zoning Board's decision leaves a "significant gap" in wireless services, section 332(c)(7)(B)(i)(II) has been violated. Newtown argues that a mere gap is not sufficient, and that rather, there must be a "significant gap" as to all wireless services and not within the service of a single wireless provider.
 
 
 22
 The District Court, in deciding this case, did not have the benefit of our recent decisions within which this case fits squarely, Cellular Tel. v. Zoning Bd. of Adj. of Ho-Ho-Kus, 197 F.3d 64 (3d. Cir. 1999) and APT Pittsburgh Ltd. Part. v. Penn Tp., 196 F.3d 469 (3rd Cir. 1999). These decisions support Newtown. We held in Ho-Ho-Kus, 197 F.3d at 70, that "local zoning policies and decisions have the effect of prohibiting wireless services if they result in 'significant gaps' in the availability of wireless services." We also held in APT Pittsburgh, nevertheless, that "it is necessary for the provider to show more than that it was denied an opportunity to fill a gap in its service system." APT Pittsburgh,[2] 196 F.3d 469 at 480. The question in this case is whether a decision which creates a gap in one cellular provider's service violates section 332(c)(7)(B)(i)(II) when other providers serve the area. We held in APT Pittsburgh that in such a case,
 
 
 23
 the relevant gap, if any, is a gap in the service available to remote users. Not all gaps in a particular provider's service will involve a gap in the service available to remote users. The provider's showing on this issue will thus have to include evidence that the area the new facility will serve is not already served by another provider.
 
 
 24
 196 F.3d at 480.
 
 
 25
 We held in Ho-Ho-Kus "that there is a 'gap' in personal wireless services when a remote user of those services is unable either to connect with the landbased national telephone network, or to maintain a connection capable of supporting a reasonably uninterrupted communication," Ho-Ho-Kus, 197 F.3d at 70, and reiterate here that the doctrine prohibiting gaps is designed to protect the users, not the carriers. The question then remains as to whether other providers already serve the area at issue in this case.
 
 
 26
 At the Zoning Hearing Board, Newtown put forth evidence that other cell phone providers had coverage without gaps. For example, there was evidence that Sprint had good service throughout Newtown, without gaps in coverage. Omnipoint did not contradict Newtown's assertions on this point and did not put forth any evidence either there, or in the District Court, as to whether other cell phone providers had gaps in their service in the Newtown area.
 
 
 27
 Newtown urges us to take an activist approach and to find that as to the community of cell phone providers serving Newtown, there were not any gaps. We will decline to do so.[3] Lacking the guidance of our decision in Ho-Ho-Kus, and in particular, in APT Pittsburgh, the Zoning Hearing Board did not make findings on the issue of gaps among other providers. Under these circumstances, the record before the District Court was not sufficiently developed. We cannot agree with the District Court's conclusion, therefore, that the Zoning Hearing Board's denial had the effect of prohibiting the provision of personal wireless services.
 
 
 28
 Because the Zoning Hearing Board did not make findings on the issue of gaps among other providers in Newtown, we cannot fault the conclusion of the District Court, made with a different basis, that the Zoning Hearing Board's findings and conclusions were not supported by the "substantial evidence" required by the Telecommunications Act. Nevertheless, we must return this matter to the District Court for the application of the appropriate standard.
 
 III.
 
 29
 In its cross-appeal, Omnipoint asserts that the District Court erred in holding that a claim under the Civil Rights Act, 42 U.S.C. 1983 cannot be based on a violation of the Telecommunications Act. Omnipoint asserts that Newtown acted under color of state law when it violated Omnipoint's rights under the Telecommunications Act. This presents an interesting question, the resolution of which could benefit Omnipoint greatly, primarily because the Civil Rights Act could potentially provide Omnipoint with an additional remedy, the recovery of attorney's fees, otherwise not available under the Telecommunications Act.
 
 
 30
 Though whether a violation of the Civil Rights Act can be based on a violation of the Telecommunications Act is an intriguing issue of first impression, we will not reach it now. The ripeness doctrine prevents us from "entangling ourselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967). The Civil Rights Act question is not ripe in light of our decision to remand the case to the District Court and from there, to the Zoning Hearing Board, to determine if Newtown violated the Telecommunications Act under the test outlined in APT Pittsburgh. Depending on the decisions there, this issue may become moot. See In re School Asbestos Litig., 977 F.2d 764, 796 (3d Cir. 1992).[4]
 
 IV.
 
 31
 In sum, we vacate the District Court's grant of summary judgment to Omnipoint and affirm the District Court's grant of summary judgment to Newtown. We remand to the District Court with instructions that it remand to the Zoning Hearing Board to reconsider the proposed facility in compliance with this opinion, as well as our opinions in APT Pittsburgh and Ho-Ho-Kus, As we did in Ho-Ho-Kus, 197 F.3d at 75, we note that the Telecommunications Act requires the Board to act "within a reasonable period of time." 47 U.S.C. 332(c)(7)(B)(ii).
 
 
 
 Notes:
 
 
 *
 Honorable Arthur Alarcon of the United States Court of Appeals for the Ninth Circuit, sitting by designation.
 
 
 [1]
 The evidence in the District Court showed that the zoning ordinance might permit antennae in the Light Industrial Zone, but that space in the Zone might be unobtainable for other reasons. We need not examine this issue further, because it is immaterial to the standard by which we determine the existence of a "significant gap."
 
 
 [2]
 Under APT Pittsburgh, showing a "significant gap" in service satisfies the first prong of the test. Under the second prong, the provider "must also show that the manner in which it proposes to fill the significant gap in service is the least intrusive on the values that the denial sought to serve." 196 F.3d at 480. As we find the record insufficient to determine whether there was or was not a "significant gap" in service, we need not examine the manner in which Omnipoint proposes to fill it.
 
 
 [3]
 Omnipoint also beseeches that we could find in its favor without returning the case to the District Court. Omnipoint prods us to find that Newtown's ordinance effectively prohibits the proper placement of not only an additional cell site, but of all cell sites anywhere in the township. The fact remains, however, that we focus upon the end result to the consumers and their reception of uninterrupted wireless telephone service, and thus, Omnipoint's argument, failing to address the test in APT Pittsburgh, is unavailing.
 
 
 [4]
 Under the same ripeness analysis, we agree with the District Court that Omnipoint's state law claim is premature.