

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2002

# Spindler v. SEPTA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1184

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Spindler v. SEPTA" (2002). *2002 Decisions.* Paper 566.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/566

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 02-1184
_____

HARRY J. SPINDLER, JR.,

Appellant

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 01-cv-04190)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
on September 13, 2002
Before:  SLOVITER and RENDELL, Circuit Judges,
and McCLURE*, District Judge

(Filed:  September 13, 2002)
_____

OPINION OF THE COURT
_____


        *   Hon. James F. McClure, Jr., United States District Judge for the Middle Di
        Pennsylvania, sitting by designation.
RENDELL, Circuit Judge.
     Harry Spindler appeals from a summary judgment order entered in the District
Court on December 18, 2001, dismissing his racial discrimination suit against his former
employer Southeastern Pennsylvania Transportation Authority ("SEPTA").  The District
Court concluded that all of Spindler's claims were either untimely or procedurally
defaulted for failure to exhaust administrative remedies.  We exercise plenary review on
this appeal, see Omnipoint Communications Enterprises, L.P. v. Newtown Township,
219 F.3d 240, 242 (3d Cir. 2000), and will affirm.
     Spindler was employed by SEPTA as a mechanic for over thirteen years,
compiling during that time a long history of poor attendance and tardiness.
Consequently, and as an alternative to outright discharge, in November 1998 Spindler
signed a "Last Chance Agreement" by which he agreed that any infraction qualifying him
for discipline under SEPTA's points-based attendance policy would subject him to
immediate discharge.  After a number of further attendance problems, Spindler was
formally discharged on May 14, 1999.
     On July 2, 1999, Spindler, who suffers from sleep apnea, filed a complaint with
the Pennsylvania Human Relations Comission ("PHRC") and Equal Employment
Opportunity Comission ("EEOC") alleging that his discharge was the result of disability
discrimination.  In November 2000, the PHRC dismissed Spindler's complaint, and gave

him notice of his opportunity to request a preliminary hearing to seek a reopening of his case.  In December 2000, Spindler, now represented by counsel, requested that hearing and, for the first time, alleged that his discharge was the result of racial discrimination.  The PHRC rejected Spindler's request, reaffirming that the case was closed.  The EEOC, which approved the scope of the PHRC's investigation and adopted its conclusions, then issued Spindler a right to sue letter.  Spindler consequently filed the present suit, alleging racial discrimination and corresponding violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.   2000e et seq., the Pennsylvania Human Relations Act ("PHRA"), Pa. Stat. Ann. tit. 43   951 et seq., and 42 U.S.C.   1983.

The District Court exercised jurisdiction pursuant to 42 U.S.C.   2000e-5(f)(3), 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and granted summary judgment in favor of SEPTA, holding that Spindler's Title VII and PHRA claims were barred because Spindler had failed to exhaust his administrative remedies, and that his remaining   1983 claim was time-barred because it was made after the relevant statute of limitations had run.  Spindler appeals both determinations.  We have jurisdiction under 28 U.S.C. § 1291.

The District Court did not err in concluding that Spindler's racial discrimination claims under Title VII and the PHRA were precluded.  The PHRA requires that any administrative complaint be filed within 180 days of the alleged act of discrimination.  See Pa. Stat. Ann. tit. 43   959(h).  Under Title VII, the relevant term is 300 days.  See 42 U.S.C.   2000e-5(e).  Spindler timely filed an administrative complaint accusing SEPTA of disability discrimination but failed to allege racial discrimination until his letter of December 2000, after the PHRC's administrative investigation was concluded, and long past the statutory deadlines.  Spindler argues, however, that his original administrative complaint should be read to include his charge of racial discrimination, and that the administrative investigation was deficient for failing to examine that claim.

We were confronted with a very similar set of facts in Antol v. Perry, 82 F.3d 1291 (3d Cir. 1996).  There, Antol filed a lawsuit alleging gender discrimination after his administrative complaint charging disability discrimination was dismissed.  We affirmed the District Court's dismissal of the gender discrimination claim for failure to exhaust administrative remedies.  Reiterating that only those acts alleged that are "fairly within the scope of the prior [administrative] complaint, or the investigation arising therefrom" are considered to have been exhausted, Antol, 82 F.3d at 1295 (quoting Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984) (per curiam), we held that Antol's gender discrimination claim did not fall fairly within the scope of the EEOC complaint or investigation.  Id.

Analogously, we cannot conclude that Spindler's charges of disability discrimination "fairly encompass" his claim of racial discrimination.  Id. at 1296.  Throughout the entire seventeen month investigation by the PHRC, Spindler uniformly qualified his claims of discrimination with references to his sleep apnea, or more generally to his disability or medical condition.  Indeed, in completing a PHRC questionnaire designed to elicit all possible bases for the discrimination he alleged, Spindler notably marked only "non-job related handicap/disability."  At no time during its investigation was the PHRC put on notice of any potential racial discrimination.  Accordingly, the PHRC's extensive "investigation was properly focused," as in Antol, "on the gravamen of [the] complaint   disability discrimination."  Id.

Spindler's reliance on our decisions in Anjelino v. New York Times, 200 F.3d 73 (3d Cir. 1999), and Hicks v. ABT Assocs., Inc., 572 F.2d 960 (3d Cir. 1978), is misplaced.  In Anjelino, the District Court dismissed the plaintiffs' sexual harassment claims because it concluded that references in their administrative complaint of an "abusive atmosphere" because of sex were too vague to put the EEOC on notice of their sexual harassment claims.  Anjelino, 200 F.3d at 93.  We reversed, stating that "appellants' notification of their charges was sufficient because the terms 'abusive,' 'hostile,' 'environment,' and 'atmosphere' have been used interchangeably to describe sexual harassment," and that the "interchangeability convinces us that the harassment charge was within the scope of the complaints before the EEOC."  Id. at 94-95.

The present situation bears little resemblance to Anjelino.  At no time during the PHRC's investigation did Spindler make even a vague or oblique reference to racial discrimination, let alone include language that could reasonably be considered interchangeable with such a charge.  Neither is this case analogous to Hicks.  There we

held that the District Court was not barred from hearing a sex discrimination claim that had not been included in the original administrative complaint because it was unclear whether the EEOC had improperly refused to amend the complaint. Hicks, 572 F.2d at 964. Here there is absolutely no evidence of any agency impropriety.

Spindler's charge of racial discrimination does not fall fairly within the scope of either his original complaint or the related investigation. His claims under Title VII and the PHRC were therefore not administratively exhausted, and were properly dismissed by the District Court.

The District Court was also correct in holding that Spindler's claim under 1983 was time-barred. The statute of limitations for claims brought in Pennsylvania under 1983 is two years. Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Spindler was discharged in May of 1999 and filed the present suit in August of 2001.

Spindler argues that his 1983 claim is not time-barred because he is not directly challenging his discharge, but is instead challenging SEPTA's continued reliance on a miscalculated attendance-point total and its corresponding failure to end Spindler's discharge. Spindler attempts to fashion these actions as either "deliberate indifference" or violations of equal protection, and claims that they took place as late as a state arbitration proceeding in May 2000, well within the statutory period.

Claims under 1983 accrue when the "plaintiff knew or should have known of the injury upon which [his] action is based." Id. Setting aside Spindler's attempted suggestions to the contrary, ultimately this action is premised on Spindler's allegedly discriminatory discharge. Even interpreting his claims charitably, Spindler alleges little more than that SEPTA defended its calculation of Spindler's accumulated attendance-point total, as well as its ultimate decision to discharge him, throughout the miscellaneous post-termination proceedings that took place in 1999 and 2000. "The pendency of a grievance, or some other method of collateral review of an employment decision," however, "does not toll the running of the statute of limitations." Del. State Coll. v. Ricks, 449 U.S. 250, 261 (1980); see also, e.g., Mazzare v. Burroughs Corp., 473 F. Supp. 234, 238-39 (E.D. Pa. 1979) (rejecting employee's claim that the employer's refusal to re-hire the employee extended the statute of limitations). Thus, regardless of whether Spindler is directly challenging the discharge or, rather, acts necessarily related to his discharge, any potential action under 1983 accrued in May of 1999. We therefore agree with the District Court that Spindler has failed to allege any unlawful acts actionable under 1983 within the two year statute of limitations, and that Spindler's August 2001 complaint was untimely.

Accordingly, the District Court's order will be AFFIRMED.

_____

TO THE CLERK OF COURT:
Please file the foregoing Not Precedential Opinion.




Circuit Judge