Richard J. Cardamone, J.
The petitioner, a former high school athlete attending Ilion Central School, seeks by this article 78 proceeding to obtain his block “ I ” letter for football and wrestling for the year 1969-1970, revoked by the respondent Board of Education.
*41 Kevin O’Connor, an 18-year-old resident of the Village of Ilion, was a participating member of the Ilion Central High School football and wrestling teams and earned his ‘ ‘ block letter ’ ’ in these sports during the fall of 1969 and winter of 1970. During the month of April, 1970, after the football and wrestling seasons had ended, the petitioner attended a bowling party for members of the Knights of Columbus, of which he was a member, and while sitting at a table eating sandwiches and drinking a glass of beer (he being 18 years old at the time) a high school coach who was also present told him that he was going to have to turn him in.
Subsequently a letter was received by the petitioner’s parents on June 1, 1970 which stated that as a result of this incident at the Knights of Columbus, Kevin had forfeited his awards in football and wrestling according to rule 5.2 of the code of conduct governing Ilion High School Athletic Teams. Rule 5.2 provides that smoking and drinking are undesirable habits for high school athletes. It further provides that during the sports season any member may be subject to dismissal for violation of this rule and states that if “at any time during the school year he flagrantly violates this rule, even though he is not then on an athletic squad, his letter will be forfeited ”.
It is the petitioner’s contention that there was no flagrant violation of this rule and that, further, the action forfeiting his varsity letters was beyond the legal powers of the school board and, finally, that the petitioner was not accorded any opportunity to be heard by the respondent.
Petitioner has instituted this article 78 proceeding to obtain review, rather than by means of an appeal to the Commissioner of Education which is, in certain cases, considered the proper avenue of appeal and one which parents are constrained to employ (Oliver v. Donovan, 32 A D 2d 1036). In what cases, if any, remedy by appeal to the Commisisoner of Education (Education Law, § 310) must be exhausted before redress may be sought from the court has not been determined (Matter of Sloat v. Board of Examiners of Bd. of Educ. of City of N. Y., 274 N. Y. 367, 374; Matter of Lombardo v. Board of Higher Educ. of City of N. Y., 18 A D 2d 444, 447-448, affd. 13 N Y 2d 1097). In any event, respondent has raised no objection to petitioner instituting an article 78 proceeding in this case.
The sequence of events as revealed by the record here shows that (1) the petitioner was present in the Knights of Columbus “ sitting at a table with friends and eating sandwiches and drinking a glass of beer ” in April, 1970, following which, (2) a letter was sent from the Director of Athletics to petitioner’s *42 parents dated June 1, 1970, (3) petitioner’s mother then complained to the Director, (4) the Board of Education undertook to review the matter following which, (5) a letter dated June 19, 1970 was sent to petitioner’s attorney from the Board of Education advising of the forfeiture, (6) petitioner then instituted his article 78 proceeding against respondent hoard and finally, (7) an answer was interposed by the respondent which (a) controverted petitioner’s allegation in his petition regarding his lack of knowledge of rule 5.2 (in support of this, respondent attached to its answer affidavits of coaches for the 1968 and 1969 seasons), (b) alleged that a board of review had considered and upheld the determination of the Director of Athletics and (c) made allegations terming the incident in April, 1970 a 1 ‘ beer-bust ’ ’.
The latter two allegations may be disposed of briefly. With regard to the former of the two, there is nothing in the record prior to the interposition of the answer that reveals any such consideration and determination by the board of review. With regard to the latter, the only facts on that issue in this record are that the 18-year-old petitioner attended a bowling party as a member of the Knights of Columbus in its clubrooms and was sitting at a table with friends eating sandwiches and drinking a glass of beer. The determination sought to be reviewed here may not, after the proceeding is instituted, be enlarged by importing into the record additional facts not previously specified as being the basis upon which the administrative determination was made. Equitable principles of estoppel prevent a party who has given a reason for its conduct and decision touching on anything involved in the controversy from changing its ground, after litigation has begun, and putting its determination upon another and different consideration. A party is not permitted, as it is said, to amend its hold (Littlejohn v. Shaw, 159 N. Y. 188,191; Brink v. Hanover Fire Ins. Co., 80 N. Y. 108,113).
With regard to the allegation by petitioner that he was unaware of rule 5.2 of the code, the affidavits of the coaches submitted by respondent each stated that the athletes whom they coached had been made aware of the code of conduct. Plainly, respondent resolved this disputed fact issue by concluding that petitioner had knowledge of the provisions in the code.
Turning now to petitioner’s claim that he was given no opportunity to be heard, section 3214 (subd. 6, par. c) of the Education Law, in providing for disciplining of students by way of suspension, states that no pupil may be so punished unless he and the person in parental relation to him “ shall have had an opportunity for a fair hearing, upon reasonable notice, at which *43 such pupil shall have the right of representation by counsel, with the right to question witnesses against such pupil ’ Concededly, these relate to the serious punishment of suspension for a period in excess of five days and not to the forfeiture of a varsity letter. Thus, while the statute contains no provisions which control here, it does mandate certain rights be accorded pupils where disciplinary action involves a severe penalty.
Even though the statute (Education Law, § 3214, subd. 6, par. c) does not mandate a full hearing in the deprivation of tangential extracurricular privileges, such deprivation or forfeiture as here may not be on the basis of fiat. To justify such action, there must be a legal basis for disciplinary action which must be neither arbitrary, capricious nor unreasonable (Matter of Port, 9 Ed. Dept. Rpr. 107). While a full “ due process ” hearing is not mandated in this situation, whatever procedure is adopted by respondent must be basically fair, granting to the student and the person in parental relation to him an opportunity to appear informally before the person or body authorized to impose discipline and to discuss the factual situation underlying the threatened disciplinary action. Such would be an administrative not adversary proceeding. Thus, minimal standards of administrative due process as distinguished from the full hearings mandated by the provisions of the statute (Education Law, § 3214, subd. 6, par. c; Matter of Rose, 10 Ed. Dept. Rpr. -) require that the pupil be given a fair opportunity to explain his actions (Matter of Cuffee, 7 Ed. Dept. Rpr. 60).
Finally, rule 6 of the Ilion High School code provides that any disciplinary action including a severe penalty shall be subject to review by a board of review consisting of the Director of Athletics, the high school Principal, and the Superintendent. However, the respondent Board of Education undertook to review this matter and by letter dated June 19,1970 to petitioner’s attorney stated that “ students participating in athletics must realize that they have to forego drinking * * * if they are going to participate and earn their letters ’ ’. Clearly, the board’s letter of June 19, 1970 adopts a construction that any drinking at any time causes a forfeiture. Rule 5.2 as noted previously itself provides that the athlete violating the ban on drinking during the sports season is subject to dismissal, and provides a forfeiture of varsity letter for flagrant violation at any time during the school year. Explicit is the differentiation between violation during the sports season and flagrant violation at other times. These standards as imposed by rule 5.2 are reasonable ones. However, there is no proof in this record of a flagrant violation of rule 5.2. Further, the review and determination evi *44 deuced by its letter of June 19, 1970 by respondent Board of Education was not the review required by rule 6.
The record is clear that petitioner and his parent were not afforded a fair opportunity to explain his actions before the board of review. To remit this matter would work an injustice prejudicial to petitioner because of the respondent Board of Education’s determination of which the board of review is fully cognizant. Thus, it is this court’s determination that under all the circumstances here, petitioner was not afforded minimal standards of administrative due process and, therefore, his petition is granted.