**Jody Mark FARVER, et al., Plaintiffs,**

**v.**

**BOARD OF EDUCATION OF CARROLL COUNTY, et al., Defendants.**

**No. CIV. S–99–CV–681.**

United States District Court,
D. Maryland.

March 11, 1999.

Thomas M. Wood, IV, Cynthia L. Leppert, Hugh M. Bernstein, Neuberger, Quinn, Gielen, Rubin & Gibber, PA, Baltimore, MD, for Plaintiffs.

Edmund J. O'Meally, Blum, Yumkas, Mailman, Gutman & Denick, PA, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is a case brought by or on behalf of a number of students at the Westminster High School in Carroll County, Maryland, who were suspended from extracurricular activities, but not from school attendance, for their alleged violation of a school policy, as set forth in the Westminster High School Student–Parent Handbook from 1998–99, providing in relevant part that: "Students may not use [or] be in actual or constructive possession of . . . alcohol, the possession, use, transfer, or sale of which is prohibited by law, at any time, on or off school premises." The suspensions resulted from the students' attendance at a weekend, off-campus party at which alcohol was being consumed. Acting on the "constructive possession" branch of the regulation in question, the School Board and its officers suspended the plaintiff students, who were primarily juniors and seniors, from participation in extracurricular activities, including such things as sports, The National Honor Society, clubs and other matters ancillary to the school's primary "reading, writing, and arithmetic" educational functions.

A hearing was held on plaintiff's motion for a temporary restraining order, which was treated (with the parties' consent) as a motion for preliminary injunction. This is an edited version of the Court's oral opinion delivered at the close of that hearing on March 11, 1999.

The Court has accepted as true the plaintiffs' affidavits, which are sufficient to show that there is irreparable injury that cannot be remedied by damages, therefore satisfying the first branch of the inquiry

the Court must make under *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802 (4th Cir.1991), when considering preliminary injunctive relief. The Court, of course, also has to balance the hardship to the plaintiffs in the absence of preliminary injunctive relief against the hardship to the defendants with such a decree. In this case, that balance does tip in favor of the plaintiffs, and maybe even decidedly so.

That being the case, the question of likelihood of success on the merits is next to be addressed, the Court having assessed the balance of harms and the presence of present, irreparable injury. (The reason damages are an inadequate remedy here and that the case is generally appropriate for injunctive relief is that one only goes through high school once. The ability to participate in these activities is something that will never come to these children again, and a later award of money damages cannot take the place of these activities.) Recognizing that the plaintiffs need only, because of the way the balancing test comes out, show the presence of serious or grave questions of law and not satisfy any particular "percentage of success" test under *Direx*, the Court is, nonetheless, constrained to hold that there simply is no prospect of success at all on any federal claim in this lawsuit. The reasons are as follows.

■ First, the Due Process Clause, under authority from both the Fourth Circuit and other courts, has clearly been held not to protect the interest of a child in participating in extracurricular activities (including sports). Even recognizing that these days colleges are farm teams for the pros, and high schools are farm teams for colleges, and that, for champion athletes, certainly there could be economic consequences, the right to participate in extracurricular activities, as distinguished from the right to attend school, is not considered to be a protected interest under the Fourteenth Amendment. *See Denis J. O'Connell High School v. Virginia High School*, 581 F.2d 81 (4th Cir.1978) (lack of protection under Equal Protection Clause as well as Due Process Clause). The more recent case authority has also failed to recognize a "constitutionally protected property interest in participating in [a] school's athletic program." *See Seamons v. Snow*, 84 F.3d 1226, 1235 (10th Cir. 1996). This Court believes that that case is reflective of the general state of the law with regard to the reach of the Fourteenth Amendment.

There are a number of state cases that have recognized, under their state constitutions, and under state administrative law, that the usual standards of administrative due process are applicable to the actions of state school authorities, which under the state's laws and constitution, may, in fact, prohibit a school board from taking certain actions or may make their actions arbitrary and capricious, but that is not a question of a federally protected interest. For example, *O'Connor v. Board of Educ.*, 65 Misc.2d 40, 316 N.Y.S.2d 799 (1970), was such a case. There are a number of other cases with regard to conduct unrelated to actual in-school activity, which are collected generally in 53 A.L.R.3d 1124 (1973), as updated. *See, e.g., Clements v. Board of Educ.*, 133 Ill. App.3d 531, 88 Ill.Dec. 601, 478 N.E.2d 1209 (1985). There is also *Bunger v. Iowa High School Athletic Ass'n*, 197 N.W.2d 555 (Iowa 1972). These cases, again, all dealt with issues of state administrative law and state constitutional law and did not raise or adjudicate any federal constitutional question. *Cf. Riccio v. County of Fairfax*, 907 F.2d 1459 (4th Cir.1990). The bottom line question is: Is there a federally protected right at issue here such as to give this Court jurisdiction under the Fourteenth Amendment? The answer is *no* because that Amendment protects only liberty and property interests that are viewed by the courts as of a high enough dignity to warrant due process protection, and the ability of a high school student to engage in extracurricular activity is simply

not of that degree of dignity. Again, this is not to say that these matters are immune from plenary review by state courts under the state's Administrative Procedure Act, after the appropriate exhaustion of administrative remedies, or, perhaps, even under the state's version or interpretation of its own constitution's due process protections. There is nothing to prevent the state courts of Maryland from holding that these activities are protected under Maryland law.

■ The other issue that is raised is whether there is a protected interest under the First Amendment here. Clearly, settled Supreme Court case law, *viz.,City of Dallas v. Stanglin,* 490 U.S. 19, 109 S.Ct. 1591, 104 L.Ed.2d 18 (1989), rules out Plaintiffs' First Amendment claims. There simply is no general right to associate under the First Amendment, whether one is talking about a public dance hall or a private party on private premises attended by students. The First Amendment simply does not apply in this situation, and it gives no protected right, on its own or through the Fourteenth Amendment. There is a fairly recent case, *Bush v. Dassel–Cokato Bd. of Educ.,* 745 F.Supp. 562 (D.Minn.1990), to the same effect. I think *Bush* is a perfectly sound decision, and there simply is no support for the proposition that children have a First Amendment right to be present at a party where alcohol is being consumed by minors. And, finally, even if independently of Fourteenth Amendment due process protection and the First Amendment, there existed some general right to be free from vague or overbroad regulation, the regulation here on its face is neither vague nor overbroad, because "constructive possession" is a recognized term of legal art. With regard to whether it is vague or overbroad as applied to attendance at a party is a closer question, but it is one that cannot be reached by this Court unless there is a constitutional avenue to get to it, and there is no constitutional avenue to get to it, for reasons already fully stated. As noted, there is no due process procedural or substantive protection, because there is no protected life, or liberty, or property interest. There is certainly no First Amendment freedom of expression involved. Plaintiffs assert simply a bare associational right, and *City of Dallas* forecloses that from First Amendment scrutiny. So there is, in my judgment, a zero likelihood of success on the merits. The case simply doesn't raise a serious federal issue.

Going on to the public interest analysis, which is, the last factor in the *Direx/Blackwelder* four-part analysis, certainly, there is a public interest in seeing that children are not punished arbitrarily, but there is also an extremely strong public interest in allowing local school boards to regulate local education. The federal court does not have a roving commission to disrupt the relationship, which is peculiarly local in nature, between the students and the county school board. And I think it would be highly contrary to the public interest for this Court, on what would be a virtually nil prospect of success on the merits, to engage itself in an inquiry calling into question the wisdom of what the Carroll County School Board has done in this case in terms of applying its constructive possession regulations. The Court is not improperly merging two aspects of the *Blackwelder* test, but is saying that it is generally not in the public interest for the judiciary to intervene by injunction in school board affairs unless there is a very good reason to do so, not present here.

So the bottom line is that, while the wisdom of what has happened to these students can certainly be questioned by any rational individual, in terms of the harshness of the penalty, and in terms of what "constructive possession" means, these are issues to be settled through state law, not through the federal constitution. Therefore, the Court will decline to issue any injunctive relief, and, an order will be entered dismissing the case under Fed. R.Civ.P. 12(h)(3) for lack of subject matter

jurisdiction, without prejudice, each party to bear its own cost.

### ORDER

For reasons stated on the record under Fed.R.Civ.P. 52 after hearing in open court this date, it is by the Court, OR-DERED:

1. That the plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction BE, and they hereby ARE, DE-NIED;

2. That this case BE, and it hereby IS, DISMISSED, without prejudice for lack of federal subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(h)(3); and

3. That the Clerk of Court mail copies hereof to counsel for the parties.