**Daniel ACKAH, Plaintiff,**

v.

**HERSHEY FOODS CORP., Defendant.**

**No. 1:CV–01–1989.**

United States District Court, M.D. Pennsylvania.

Nov. 1, 2002.

441

Andrew J. Ostrowski, Harrisburg, PA, for Plaintiff.

Brian F. Jackson, Marilyn T. McClure–Demers, McNees Wallace & Nurick LLC, Harrisburg, PA, for Defendant.

## ORDER

JONES, District Judge.

### PROCEDURAL HISTORY:

On October 16, 2001, Plaintiff Daniel Ackah ("Ackah"), an African American whose nation of origin in Ghana, initiated this action by filing a complaint against his employer, Defendant Hershey Foods Corp. ("Hershey"). The complaint contained several counts alleging numerous civil rights violations. The only remaining count in Plaintiff's complaint alleges "discriminatory treatment on the basis of [Ackah's] race, national origin and /or in retaliation for [Ackah's] prior protected activities . . ."

This is a motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), brought by Hershey. Hershey urges this Court to dismiss any of Plaintiff's claims for the period after October 6, 1997 as untimely, to the extent that they are based

on the Pennsylvania Human Relations Act ("PHRA").[1]

## FACTUAL BACKGROUND:

Plaintiff began his employment with Hershey in 1989. In June of 1997, Plaintiff completed an application for promotion which was ultimately denied by Hershey. In October of 1997, based on his belief that he was being denied training opportunities, interviews and ultimately promotions because of his race and national origin, Plaintiff filed a complaint with the Pennsylvania Human Relations Committee ("PHRC") which was subsequently cross-filed with the Equal Employment Opportunity Commission ("EEOC").

On April 17, 2000, Plaintiff submitted a signed General Intake Questionnaire to the EEOC indicating that he was pursuing his discrimination claim on the basis of, *inter alia,* race, color, national origin and retaliation.

On August 27, 1999, while his charges of discrimination were still pending before the PHRC and EEOC, Plaintiff was terminated.

On October 9, 2000, a formal charge prepared by EEOC staff was signed and verified by Plaintiff. Within the charge, Plaintiff alleged that Hershey unlawfully retaliated against him for filing the October 6, 1997 complaint.

## STANDARD OF REVIEW:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The standard used in analyzing a motion for judgment on the pleadings is identical to the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Chovanes v. Thoroughbred Racing Association,* No. CIV. A. 99–185, 2001 WL 43780, *1 (E.D.Pa. Jan. 18, 2001); *DeBraun v. Meissner,* 958 F.Supp. 227, 229 (E.D.Pa.1997). The primary difference is that while a Rule 12(b)(6) motion is filed before the answer, a Rule 12(c) motion is filed after the answer. *Prima v. Darden Restaurants, Inc.,* 78 F.Supp.2d 337, 341–42 (D.N.J.2000).

A motion to dismiss under Rule 12(b)(6) admits the well-pleaded allegations of the complaint but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). In reviewing a motion to dismiss under 12(b)(6), the court must accept as true all factual allegations of the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. *Board of Trustees of Bricklayers and Allied Craftsmen Local 6 of New Jersey v. Wettlin Assoc., Inc.,* 237 F.3d 270, 272 (3d Cir. 2001) (citation omitted).

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Ramadan v. Chase Manhattan Corp.,* 229 F.3d 194, 195–96 (3d Cir.2000) (citing *Alexander v. Whitman,* 114 F.3d 1392, 1398 (3d Cir. 1997)). "The issue [under Rule 12(b)(6) ] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Maio v. Aetna, Inc.,* 221 F.3d 472, 482 (3d

---

1. In light of the Supreme Court's holding in *Edelman v. Lynchburg College,* 535 U.S. 106, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002), Hershey has withdrawn its argument that the Court should at this time dismiss any of Plaintiff's claims based on federal anti-discrimination law. In *Edelman,* the Supreme Court held that a charge filed with the EEOC within the relevant 300 day limitation period will be considered timely even if not verified until after the limitation period has tolled.

Cir.2000) (citations and internal quotation marks omitted).

Rule 12(c) of the Federal Rules of Civil Procedure provides in part:

> If, on a motion for judgement on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Federal Rule of Civil Procedure Rule 12(c).

■ In the instant case, Hershey has filed a motion for judgment on the pleadings alleging that Plaintiff's claims based on the PHRL are time barred except to the extent that they are based on his October 6, 1997 PHRC complaint. Attached to its Answer, Hershey has filed two exhibits-Plaintiff's complaint to the PHRC and the Notice of Charge of Discrimination that Plaintiff filed with the EEOC.

Although we shall consider these exhibits in our ruling on this motion, we shall not convert this motion into a motion for summary judgment. In so doing, we note that Federal Rule of Civil Procedure (10)(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Both complaints and answers are considered to be pleadings under the Federal Rules. *See* Fed.R.Civ.P. (7)(a).

■ In its brief in opposition to Hershey's motion, Plaintiff has attached two exhibits—the General Intake Questionnaire submitted to the EEOC and a letter to Plaintiff from Defendant's counsel.

Notwithstanding the fact that these exhibits are attached to a motion rather than to a pleading, by applying and extending the reach of the doctrine of incorporation by reference beyond Rule 12(b)(6) motions to this Rule 12(c) motion, we could in theory consider those exhibits without converting this motion for judgment on the pleadings to a motion for summary judgment. *See Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002)("[g]iven that the operative rule language is identical and that the provisions serve the same purpose, we believe that the Rule 12(b)(6) incorporation by reference doctrine should apply in Rule 12(c) cases as well"). Under the doctrine of incorporation by reference as relevant to this scenario, "a document attached to a motion for [judgment on the pleadings] may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." Here, because the documents appended to Plaintiff's brief in opposition are not directly relevant to the timeliness issue, we will not consider them.

## DISCUSSION:

■ The crux of Hershey's argument is that any of Plaintiff's claims of discrimination brought under the PHRA that are not based on his October 6, 1997 PHRC complaint are time barred because Plaintiff failed to exhaust his administrative remedies in reference to those claims.[2]

■ The provisions of the PHRA mandate that a plaintiff file an administrative complaint with the PHRC "within 180 days after the alleged act of discrimination." 43 P.S. § 959(h). A failure to adhere to these administrative exhaustion requirements

---

**2.** Plaintiff was terminated on August 27, 1999. Subsequent to his termination, Plaintiff did not file any further administrative charges with the PHRC. Therefore, Hershey argues that only claims advanced in Plaintiff's 1997 PHRC complaint are timely.

will preclude the plaintiff from availing herself of judicial remedies available under the PHRA. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir.1997), *cert. denied*, 522 U.S. 914, 118 S.Ct. 299, 139 L.Ed.2d 230. "The Pennsylvania courts have strictly interpreted this requirement, and have repeatedly held that persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act." *Id.*, (internal quotations omitted), *citing Vincent v. Fuller Co.*, 532 Pa. 547, 616 A.2d 969, 974 (Pa.1992); *Fye v. Central Transp. Inc.*, 487 Pa. 137, 409 A.2d 2 (Pa. 1979); *Clay v. Advanced Computer Applications, Inc.*, 522 Pa. 86, 559 A.2d 917 (Pa.1989); *Richardson v. Miller*, 446 F.2d 1247, 1248 (3d Cir.1971).

Plaintiff contends that he was not required to re-exhaust his administrative remedies because the termination which occurred on August 27, 1999, several years subsequent to the filing of his PHRC complaint, was nonetheless within the scope of the discriminatorily-based adverse employment actions alleged within his previously filed PHRC complaint. This argument rests on Third Circuit Title VII case law, which holds that "[t]he relevant test in determining whether [Plaintiff] was required to exhaust [his] administrative remedies . . . is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir.1984); *see also Antol v. Perry*, 82 F.3d 1291 (3d Cir.1996)(applying the test articulated in *Waiters*, but finding that the core grievances in the suit were not within the scope of the EEOC complaint filed prior to that suit).

Although not explicitly asserted by Plaintiff, it must be that he presumes that this Court will extend the applicability of the *Waiters* test to PHRA claims as well. "While the Pennsylvania courts are not bound in their interpretations of Pennsylvania law by federal interpretations of parallel provisions in Title VII, . . . its courts nevertheless generally interpret the PHRA in accord with its federal counterparts." *Kelly v. Drexel University*, 94 F.3d 102, 105 (3d Cir.1996) (citations omitted). "Indeed, the [PHRA] should be construed in light of 'principles of fair employment law which have emerged relative to the federal [statute] . . .' " *Chmill v. City of Pittsburgh*, 488 Pa. 470, 412 A.2d 860, 871 (1980), *quoting General Elec. Corp. v. CHRC*, 469 Pa. 292, 365 A.2d 649, 654 (1976).

In *Waiters*, the Court's rationale in elucidating its test was that "the purposes of the statutory scheme are not furthered by requiring the victim to file additional EEOC complaints and re-starting the 180 day waiting period . . . [O]nce the EEOC has tried to achieve a consensual resolution of the complaint, and the discrimination continues, there is minimal likelihood that further conciliation will succeed. This slim likelihood of successful conciliation does not justify forcing the victim to wait an additional 180 days to file suit." *Waiters*, 729 F.2d at 237.

Applying the principles and test articulated in *Waiters* to the case at bar, we find that the specific allegations within the instant complaint "fairly encompass" those set forth within the PHRC complaint. *Antol*, 82 F.3d at 1296. Plaintiff's complaint to the PHRC alleged that Hershey had failed to interview, train and promote him on the basis of his race and national origin. Plaintiff's complaint in the instant matter sets forth the very same allegations of discrimination as a basis of non-promotion, but includes the additional assertion that

he was *terminated* on the basis of his race and national origin. Unlike *Antol*, in which the plaintiff's suit in federal court was based on gender discrimination whereas his administrative complaint alleged only handicap discrimination, here, the theory of discrimination in Plaintiff's complaints remains constant. Moreover, the underlying purpose of the exhaustion requirement, that of providing agencies the opportunity to settle disputes, has been furthered in this case since the PHRC had notice of Plaintiff's allegations of racial and national origin discrimination since 1997.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion for Judgment on the Pleadings (doc. 10) is denied.