**Evelyn WOODS, Plaintiff,**

**v.**

**Everett ALVEREZ, Acting Director Veterans Administration, Veterans Administration and the Equal Employment Opportunity Commission.**

**Civ. A. No. 86–1720.**

United States District Court,
E.D. Pennsylvania.

March 5, 1987.

David Harrison, Philadelphia, Pa., for plaintiff.

Cynthia Giles, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff brought this action against her employer, the Veterans Administration,[1] asserting that she was discriminated against in reprisal for a previous discrimination complaint. 42 U.S.C. § 2000e–16(c). Defendant now moves to dismiss the complaint on the ground that plaintiff's failure to file timely her reprisal complaint at the administrative level bars relief in federal court on the merits of her charge. For the reasons that follow, defendant's motion to dismiss will be denied.

During the pendency of the administrative action on her initial discrimination claim, plaintiff attempted to add a claim that she was discriminated against in reprisal for bringing the first complaint. However, the EEOC refused to consider the reprisal complaint and advised plaintiff to file her reprisal complaint with an EEO counselor. *See* 29 C.F.R. § 1613.262. Plaintiff asked the EEOC to reopen and reconsider its decision. This request was refused. Thereafter, plaintiff filed her reprisal complaint with an EEO counselor. The reprisal complaint was rejected by both the Veterans Administration and the EEOC as untimely. 29 C.F.R. § 1613.214. Plaintiff then filed the present action.

 The time requirements for filing Title VII administrative complaints are not jurisdictional. Rather, they operate as a statute of limitations subject to equitable principles of waiver, estoppel, and tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Hornsby v. United States Postal Service*, 787 F.2d 87 (3d Cir. 1986).

 In this circuit, a plaintiff may sue on a retaliation claim without first exhausting administrative remedies if the retaliation claim is within the scope of an earlier discrimination complaint. *Waiters v. Parsons*, 729 F.2d 233 (3d Cir.1984). Therefore, if plaintiff's reprisal claim was within the scope of her prior claim, she could have immediately filed suit on the reprisal claim after the final administrative decision on her initial claim. Instead of immediately filing suit, plaintiff followed the advice of the Commission and filed her reprisal complaint with an EEO counselor.[2] Thus, plaintiff may have an equitable ground for tolling the limitations period. Because my review of the agency decision is *de novo* the motion to dismiss will be denied; however, defendant is not precluded from raising the question of timeliness at trial where the parties will have the opportunity to present evidence on this issue.

## ORDER

AND NOW, this 5th day of March, 1987, the motion to dismiss of the Veterans Administration is hereby denied without prejudice for the reasons set forth in the accompanying memorandum.

It is further ordered that on or before May 1, 1987, counsel shall submit a joint, proposed pre-trial order, prepared in accordance with Local Rule 21(d)(2)(b), except that no agreed statement of facts need be supplied.

It is further ordered that counsel be prepared for trial on May 4, 1987. At the time of trial, defendant may raise the question of timeliness as a bar to a decision on the

---

1. By earlier order, I dismissed defendant Equal Employment Opportunity Commission.

2. While plaintiff did not file her complaint until after a decision by the Commission on her request to reopen, this alone is not inexcusable delay. The Commission's decision refusing to consider the reprisal complaint failed to inform plaintiff that a request for reconsideration would not toll the time period for filing a complaint. In comparison, the Commission's second decision, rejecting her complaint as untimely, specifically stated that

Filing a request to reopen with the Commission may not extend the time period allowed for filing a civil action. If you wish to preserve your right to file a civil action, the civil action should be filed within the time allowed, even if you decide to request reopening by the Commission.

Moreover, the Commission's decision that the complaint was untimely was not expressly based on the failure to file a complaint after its initial decision.

merits and the parties shall have the opportunity to present evidence on this issue.