Blondell PARSONS, Plaintiff,

v.

CITY OF PHILADELPHIA COORDINATING OFFICE OF DRUG AND ABUSE PROGRAMS, Defendant.

Civ. A. No. 92–815.

United States District Court,
E.D. Pennsylvania.

May 12, 1993.

Alan B. Epstein, Jablon, Epstein and Wolf, Robert T. Vance, Jr., Brown, Vance, Jackson & Smith, Philadelphia, PA, for plaintiff.

Diane C. Howell, Office of the City Sol., E. Jane Hix, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

██ Plaintiff, Blondell Parsons, commenced this action alleging civil rights violations by defendant, City of Philadelphia Coordinating Office of Drug and Abuse Programs ("CODAAP"), on the grounds that she was discriminated against on the basis of her race. Presently before the Court is the defendant's Motion For Summary Judgment. Although the defendant argues dismissal of only one of plaintiff's multiple claims, the motion disingenuously seeks dismissal of the entire action. Following plaintiff's response, defendant filed a reply brief which urged dismissal of a few more of plaintiff's claims. In addition to requiring the court to speculate as to what relief defendant is requesting, this piecemeal motion practice threatens the parties' rights of having a full and fair opportunity to present their positions to the court.[1] We premise this decision with the advisory statement that such inartful pleading runs contrary to the interests of judicial economy and is strongly discouraged. In an attempt to avoid ruling on issues not properly before the court, we will treat defendant's motion as a motion for partial summary judgment and decide only that issue presented in defendant's motion.

### Factual Background

The plaintiff is a black female who, sometime prior to November 26, 1989, was hired by the City of Philadelphia Coordinating Drug and Alcohol Abuse Programs (hereinafter CODAAP) to perform the duties of Driving Under the Influence ("DUI") Case Manager. Subsequent to the resignation of the Director of the Philadelphia Alcohol Safety Program/NEXUS ("AHSP/NEXUS") on November 26, 1989, the plaintiff states that she began performing duties of the Director of AHSP/NEXUS which were outside the scope of those of a DUI Case Manager[2] and that she was entitled to "out-of-class" compensation for such services.

On June 11, 1990, the plaintiff filed charges of discrimination against the defendant with the Philadelphia Commission on Human Relations (the "Philadelphia Commission") and the Equal Employment Opportunities Commission ("EEOC"), alleging that she had been discriminated against on account of her race and/or color with regard to the terms, conditions and privileges of employment based the fact that she had assumed duties of director of AHSP/NEXUS in November 1989 and had not been compensated for this additional work. In support of her argument that this failure to pay out-of-class constituted discrimination, plaintiff states that a white secretary, allegedly performing duties nonsecretarial in nature, was compensated "out-of-class" for the performance of these additional duties.

Subsequently, on October 15, 1990 the plaintiff filed a second complaint with the Philadelphia Commission alleging that the defendant retaliated against her for filing the original complaint by refusing to allow her to attend a work related conference.

The Philadelphia Commission investigated both charges and determined that the charges had not been substantiated. The Commission recommended that the cases be closed and the EEOC accepted this recom-

---

[1] A court may dismiss a claim without a formal motion but only where doing so would best serve the interests of judicial economy and would not deprive the plaintiff of a full and fair opportunity to present its arguments. *Washington Petroleum & Supply Co. v. Girard Bank*, 629 F.Supp. 1224, 1230–31 (M.D.Pa.1983); 5A Wright & Miller, *Federal Practice and Procedure 2d* § 1357 (1990).

[2] Plaintiff's complaint states that "At all times relevant hereto, Plaintiff was employed by CODAAP as DUI Case Manager." Complaint ¶ 10. A DUI Case Manager constitutes an Outreach Worker II position. However, the record indicates that prior to November, 1989 she was employed in some capacity as an Outreach Worker I position. Following the resignation of the former director, plaintiff assumed the duties of a DUI Case Manager and, allegedly, some of the duties of the Director as well. Plaintiff was then appointed DUI Coordinator and the Civil Service System processed the corresponding pay increase of a outreach Worker II. *See* Philadelphia Commission on Human Relations Case Closing Record at pp. 2 and 3.

mendation. On November 11, 1990, Ms. Parsons received a letter from the EEOC explaining that they had accepted the recommendation of the Philadelphia Commission and informed Ms. Parsons of her "right to sue" the defendant. On February 7, 1992 Ms. Parsons initiated this action alleging that the CODAAP discriminated against her on the basis of her race by failing to pay her "out-of-class" for duties performed and for failing to promote her to the position of Director of AHSP/NEXUS.

### Summary Judgment Standard

In considering a motion for summary judgment, the court must consider whether the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This court is required to determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making this determination, all reasonable inferences must be drawn in favor of the nonmoving party. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2512. While the movant bears the initial burden of demonstrating an absence of genuine issues of material fact, the nonmovant must then establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990) *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

### Discussion

 As a prerequisite to a suit under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq., the plaintiff must first file a claim with the EEOC and receive a "right-to-sue" letter from the Commission. *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1210 (3d Cir.1984). These preliminary steps are necessary to effectuate the statutory purpose of promoting case resolution through "administrative conciliation and persuasion if possible, rather than by formal court action." *Ostapowicz v. Johnson Bronze Company*, 541 F.2d 394, 398

(3d Cir.1976); *see Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir.1984). However, the EEOC filing requirement is *not* jurisdictional in nature. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392–95, 102 S.Ct. 1127, 1132–33, 71 L.Ed.2d 234 (1982). Rather, the requirement is similar to a statute of limitations and therefore subject to waiver, estoppel and equitable tolling. *Id.; Moltham v. Temple University*, 778 F.2d 955, 960 (3d Cir.1985); *Waiters*, 729 F.2d at 236.

The parties do not question the timeliness of plaintiff's filings. However, defendant contends that because plaintiff neglected to present her failure to promote claim to the EEOC, she is precluded from pursuing the issue in federal court.

Plaintiff filed two administrative complaints. The allegations in her first complaint are as follows:

> [The respondent] discriminated against the black Complainant with regard to terms, conditions and privileges of employment including but not limited to paying a white/female for doing work out of her job specification while refusing same to the Complainant; all because of her race and/or color.

The Statement of Particulars, recorded by the Philadelphia Commission, elaborates on the plaintiff's allegations stating that plaintiff assumed the duties of the director and was not compensated for these extra duties even though a white female secretary was being paid "out-of-class." Philadelphia Commission Complaint filed June 13, 1990. Her second complaint states: "The Respondent has harassed the Complainant for having filed a previous complaint with the Commission on Human Relations." The Statement of Particulars states that the retaliation took the form of denying her permission to attend a work related conference. The complaint presently before the court alleges plaintiff was discriminated against by defendant's failure to pay her out-of-class compensation when she assumed the duties of director and for failing to promote her to the position of director. Thus, the only claims directly presented to the EEOC are plaintiff's failure to pay out-of-class claim and her retaliation claim. This alone is not dispositive of wheth-

**1184**

er this court must dismiss her failure to promote claim.

 While the parameters of the federal court action are generally defined by the scope of the prior EEOC complaint, *Moltham*, 778 F.2d at 960 and *James v. International Business Machines Corporation*, 737 F.Supp. 1420, 1424 (E.D.Pa.1990), the proper analysis for determining whether a Title VII plaintiff has satisfied the administrative prerequisites to bringing suit in federal court is whether the acts complained of were fairly within the scope of the EEOC complaint and the ensuing investigation. *Waiters*, 729 F.2d at 237; *Ostapowicz*, 541 F.2d at 398–99.

Upon review of the exhibits attached to defendant's motion including the two EEOC complaints and the corresponding Case Closing Records, we find that there is nothing in the record to indicate that the EEOC or the Philadelphia Commission investigated or had any reason to investigate a claim that plaintiff had been discriminated against by defendant's failure to promote her to the director's position. Although the Case Closing Record of the initial EEOC complaint considered whether plaintiff was qualified for that position, this was merely for the purpose of determining whether she was entitled to out-of-class pay. Case Closing Record Docket No. E90–11–9606 at 2 ("if one works out-of-class one has to meet the requirements of the position—in this case the Director's job calls for a degree. 'The Complainant does *not* have a degree.' "). Furthermore, the equitable considerations mentioned in *Zipes* which would permit us to excuse plaintiff's failure to exhaust her administrative remedies are not present in this case. 455 U.S. at 393, 102 S.Ct. at 1132. Accordingly, we find that plaintiff is barred from bringing the portion of her Tile VII claim which alleges discrimination by defendant's failure to promote her to the Director's position.

As to plaintiff's second Title VII claim in which she alleges defendant discriminated against her by failing to pay her out-of-class for work she performed as a director, defendant does not challenge the legal or factual sufficiency of this claim at this point. Although plaintiff's response briefed the validity of this claim as well as the other claims contained in her complaint, we feel that any additional claims cannot be addressed on the merits at this juncture without impinging on the parties' rights to present their complete and reasoned arguments to the court.

An appropriate order follows.

### ORDER

AND NOW, this 12th day of May, 1993 upon consideration of Defendant's Motion for Summary Judgment which is treated as a Motion for Partial Summary Judgment and the Plaintiff's response thereto as well as Defendant's reply brief, it is hereby ORDERED that the Motion is GRANTED. Summary judgment in favor of Defendant is entered on Plaintiff's Title VII failure to promote claim.