**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1091
_____

HEATHER SEIBERT,

Appellant.

v.

LUTRON ELECTRONICS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 3-08-cv-05139)
District Judge:  Hon. Lawrence F. Stengel
_____

Submitted under Third Circuit LAR 34.1(a)
on November 4, 2010

Before:  SCIRICA, RENDELL and ROTH, <u>Circuit Judges</u>

(Opinion filed: November 24, 2010)

_____

O P I N I O N
_____

**ROTH,** <u>Circuit Judge:</u>

Heather Seibert appeals the order of the United States District Court for the

Eastern District of Pennsylvania granting Lutron Electronics's Motion for Summary

Judgment. For the reasons that follow, we will affirm the judgment of the District Court.

## I. Background and Procedural History

Because we write primarily for the parties, we will only briefly revisit the facts and procedural history here. Seibert began working for Lutron in 1996 as a part-time summer employee and began working as a full-time employee in June of 1997 in Lutron's Technical Assistance Program. Although Seibert received promotions and raises, she began to receive complaints about her work attendance as early as 1999.

Seibert began suffering from symptoms of depression in 2005. She requested a leave of absence in May for her depression, which was granted. After her return to work on October 6, 2005, Seibert told her counselor that she was no longer experiencing symptoms of depression. In January of the following year, Dr. Liaw, Seibert's physician, submitted a Family and Medical Leave Act (FMLA) notice to Lutron explaining that Seibert continued to suffer depression, which would continue for an indefinite period of time, that she was taking medication and receiving counseling, and that she might miss work "2 or 3 days once a month" due to her symptoms. Seibert missed 70 days of work between January and July of 2006.

In July of 2006, Seibert requested – and was granted – maternity leave. She returned to work on October 6, 2006, without any restrictions. While on maternity leave, Seibert was informed that she had exhausted her FMLA time and was ineligible for more leave until she accumulated a certain number of work hours. Upon Seibert's return, Lutron reiterated the importance of her regular attendance in a document entitled "Conditions of Heather Seibert's Return to Work—October 2, 2006." Consistent with

Lutron's "cross-training" program, Seibert was rotated out of her position as a documentation specialist and into a position as an inventory control specialist. She was also asked to train a male employee in the documentation specialist position. That same male employee was asked to train an incoming female documentation specialist when he rotated out of the position.

Seibert's absences continued. Between January and March of 2007, Seibert missed seven full days and three half days, seven of which she attributed to caring for her children, not depression. In violation of Lutron's absentee policy, Seibert marked these absences as "vacation days." On March 23, 2007, a Human Resource specialist at Lutron indicated to Seibert that her absences were causing problems for her department and had prevented her from obtaining the necessary professional development. Seibert was offered the choice between termination and resignation and chose the latter.

Seibert filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on July 24, 2007, and another with the Pennsylvania Human Relations Commission (PHRC) on July 26, 2007, alleging discrimination based on sex and disability.

Seibert filed a complaint in the Court of Common Pleas of Lehigh County. On October 8, 2008, Lutron removed the case to the United States District Court for the Eastern District of Pennsylvania and the case proceeded to discovery. At the close of discovery, Lutron moved for summary judgment on all of Seibert's claims. The District Court granted Lutron's motion. This appeal followed.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367. We have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over a district court's order granting summary judgment and apply the same standard that the district court should have applied. *Farrell v Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765, 770 (3d Cir. 2009) (citing Fed. R. Civ. P. 56(c)).

## III. Discussion

### A. Seibert Was Not Disabled Under the ADA

The first issue is whether, drawing all inferences in favor of Seibert, the District Court correctly determined that no reasonable factfinder could conclude from the record that Seibert was disabled within the meaning of the Americans with Disabilities Act (ADA). *Shaner v. Synthes (USA)*, 204 F.3d 494, 500 (3d Cir. 2000). The ADA defines a disability as (a) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (b) a record of such impairment; or (c) being regarded as having such an impairment. *See* 42 U.S.C. § 12102(1). Transitory, temporary or impermanent impairments are not considered an impairment that substantially limits a major life activity. *See Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 380 (3d Cir. 2002); *McDonald v. Com. of Pa., Dep't. of Public Welfare, Polk Center*, 62

4

F.3d 92, 94-97 (3d Cir. 1995). Here, the record demonstrates that Seibert's depression was not permanent, but instead was induced by specific, non-recurring events and thus was not a disability under the ADA.

Even when the facts are viewed in the light most favorable to Seibert, a reasonable jury would conclude that her depression was temporary and thus not a disability within the meaning of the ADA. *See, e.g.*, *Ogborn v. United Food & Commercial Workers Union*, 305 F.3d 763, 767 (7th Cir. 2002); *Soileau v. Guilford of Me., Inc.*, 105 F.3d 12, 16 (1st Cir. 1997). Therefore, it was proper for the District Court to grant Lutron's Motion for Summary Judgment as to Seibert's disability discrimination claim.

### B. Seibert Failed to Exhaust Her Regarded-As Disabled Claim

The second issue is whether the District Court properly granted summary judgment on Seibert's regarded-as claim because she failed to exhaust her administrative remedies as required. A disability discrimination plaintiff must exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC before filing a civil suit. *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984). The facts alleged in Seibert's EEOC filing could not reasonably support a claim that Lutron discriminated against her because it wrongly perceived her as disabled. The District Court properly determined that Seibert failed to exhaust her administrative remedies as to this subset of her disability discrimination claim and granted summary judgment on Seibert's regarded-as claim.

### C. Summary Judgment on Seibert's Remaining Claims Was Proper

The final issue is whether the District Court properly granted Lutron's Motion for

Summary Judgment because Seibert failed to point to evidence sufficient to establish the existence of the elements of her gender discrimination claim.[1] The District Court granted Lutron's Motion for Summary Judgment because Seibert provided no specific evidence to support her claim that she suffered an adverse employment action when Lutron assigned her to a new position and replaced her with a male employee. Seibert's transfer was consistent with Lutron's "cross-training" rotation of employees. Seibert's transfer, moreover, was not met with a reduction in compensation, did not alter her employment rights, and did not affect her seniority level. Thus, she has not met her burden of demonstrating that her transfer was adverse by providing evidence that the transfer "denied [her] of any employment opportunity or altered any employment rights." *Boykins v. Lucent Techs., Inc.*, 78 F. Supp. 2d 402, 415 (E.D. Pa. 2000).

Finally, the District Court concluded, and we agree, that there is no record evidence to support Seibert's contention that Lutron's explanation for her transfer was a pretext for discrimination. Because Seibert has failed to demonstrate that her transfer constituted an adverse employment action, Seibert cannot set forth a prima facie case of gender discrimination.

---

[1]Seibert's PDA claim fares no better. Seibert alleged that she requested, but was denied, accommodation in the form of a reclining chair. Because this allegation was not asserted in Siebert's EEOC charge, she has failed to preserve her claim and it must therefore be dismissed. *See* 29 U.S.C.A. § 626(d). Seibert raised new claims in her response to Lutron's Motion for Summary Judgment that she was "singled out and forced to use her vacation time simply because she was having post natal problems with her twins." Even if these claims were timely raised, they lack merit. *See Piantanida v. Wyman Center, Inc.*, 116 F.3d 340, 342 (8th Cir. 1997) (holding that post-natal childcare duties are not within the protections afforded by the PDA).

## IV. Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court.