**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1127

_____

PATTI KOPKO,

Appellant

v.

LEHIGH VALLEY HEALTH NETWORK;
LEHIGH VALLEY HOSPITAL
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 5-14-cv-01290)
District Judge: Hon. Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 17, 2019
_____

Before: AMBRO, GREENAWAY, JR., and SCIRICA, *Circuit Judges.*

(Opinion Filed: June 14, 2019)
_____

OPINION [*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Patti Kopko ("Kopko") brought this employment discrimination lawsuit against her former employers, Appellees Lehigh Valley Health Network and Lehigh Valley Hospital (collectively "LVH"). On LVH's motion to dismiss, the District Court dismissed a few of Kopko's claims. Then, after discovery, it granted LVH's motion for summary judgment on the remaining claims and entered judgment in its favor. For the reasons set forth below, we will affirm both of the District Court's dispositive orders on appeal.

## I. BACKGROUND

In 1991, Kopko began working at LVH as a hospital discharge planner. Several years later, in 2005, she became a case manager. While Kopko worked as a case manager, Elizabeth Prokurat ("Prokurat") became her supervisor in 2008.

On April 14, 2009, Kopko received a phone call from her cousin, Ann Bavaria ("Bavaria"). An employee at a community bank, Bavaria called Kopko to discuss a coworker ("JM") who had been a patient at LVH several months earlier. In particular, Bavaria asked Kopko to provide her with the name of a specialist physician to treat JM for abdominal pain she was experiencing. Although Bavaria informed Kopko that JM knew about the call, Kopko never asked whether JM had expressly authorized their speaking about her medical condition. Nonetheless, while on the call, Kopko accessed JM's electronic health records, including her laboratory blood tests, medical imaging results, medical history, physicals, and operative reports. Upon doing so, Kopko provided Bavaria with the name of a specialist physician based on her own judgment.

2

Less than a week later, JM emailed Bavaria, thanking her for obtaining the referral but voicing her unease with her private health records having been accessed. A few days later, JM lodged a formal complaint with LVH. An internal investigation by LVH's information technology security and compliance teams revealed that Kopko was the employee who had accessed JM's medical records.

Following the investigation, LVH representatives—including Prokurat; Dana Hacker, a human resources consultant; and Carol Kreiber, a HIPAA[1] compliance officer—met with Kopko on May 14, 2009. LVH's documentation of the meeting indicates that Kopko admitted to giving JM's medical information to Bavaria during their call a month prior. Although Kopko now disputes whether she revealed any of JM's health information to Bavaria, she does not dispute that she accessed it at Bavaria's request. Accordingly, LVH terminated Kopko—at the time, 47 years old—for violating HIPAA. An internal appeal later affirmed this decision.

On November 6, 2009, Kopko dual-filed a charge of employment discrimination ("administrative charge") with the Pennsylvania Human Relations Commission and the federal Equal Employment Opportunity Commission ("EEOC"). In the administrative charge, Kopko essentially alleged that LVH discriminated against employees, like Kopko, over the age of 40 and discriminated against patients of protected classes— namely, minorities, the elderly, and the disabled. Importantly, she also alleged retaliation

---

[1] "HIPAA" refers to the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996).

by LVH, but only for her opposition to the hospital's discrimination against patients of protected classes. The EEOC issued Kopko a right-to-sue letter on December 2, 2013.

Thus, on February 28, 2014, Kopko timely filed this lawsuit against LVH and Prokurat in the District Court. Kopko's amended complaint—the operative complaint at this stage—voluntarily dismissed Prokurat by asserting four counts solely against LVH: (1) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634; (2) age discrimination under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. §§ 951–963; (3) retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; and (4) retaliation under the PHRA.

LVH filed a motion to dismiss, which the District Court granted. Specifically, it dismissed several of Kopko's claims, including those for retaliation under the ADEA, Title VII, and the PHRA. Noting that, although the amended complaint did not explicitly state a count for retaliation under the ADEA, it potentially presented such a claim within another count, the District Court nonetheless dismissed that purported claim and the other retaliation claims for failure to exhaust administrative remedies.

During discovery, LVH produced evidence that it maintains a HIPAA confidentiality policy, for which Kopko underwent training in 2008. In relevant part, the policy states: "Under no circumstances may an individual seek or use confidential information for personal gain or pass it on to any person outside [LVH], including family or friends, or even to other employees who do not need to know such information to carry out their duties." Suppl. App. 135. The policy defines "confidential information" as

4

including "[p]atient health care and financial records," such as "medical record[s], lab test results, billing information, [and] insurance and demographic information." *Id.* at 132. Under the policy, an employee may divulge a patient's confidential information to another person telephonically only (1) with the patient's "expressed permission" and (2) upon establishing the identity of the caller. *Id.* at 135–36.

LVH also produced evidence that, from 2008 to 2010, it terminated 15 employees for violating the HIPAA confidentiality policy. Of those 15 employees, the majority were under 40 years old. Specifically, nine terminated employees were under the age of 40 while six were over the age of 40.

In light of this and other evidence, LVH filed a motion for summary judgment on the remaining claims, arguing that it terminated Kopko because she violated the HIPAA confidentiality policy, a legitimate, nondiscriminatory reason. The District Court agreed, granting LVH's motion for two independent reasons: (1) that Kopko failed to present evidence raising an inference that the circumstances surrounding her termination were motivated by age discrimination, as required to satisfy the fourth element of a *prima facie* age discrimination case; and (2) that Kopko could not demonstrate that the reason LVH proffers for her termination is pretextual. Thus, the District Court entered judgment for LVH.

Kopko now appeals the District Court's motion to dismiss order and summary judgment order on four grounds: namely, that the District Court erred in (1) dismissing her PHRA retaliation claim, (2) dismissing her purported ADEA retaliation claim, (3) dismissing her Title VII retaliation claim, and (4) granting summary judgment to

5

LVH on her ADEA and PHRA age discrimination claims. For the reasons that follow, however, we reject Kopko's arguments. We will thus affirm both of the District Court's orders on appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367(a). We have appellate jurisdiction under 28 U.S.C. § 1291 and review the relevant District Court orders *de novo*. *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015); *McTernan v. City of York, Pa.*, 564 F.3d 636, 646 (3d Cir. 2009).

In conducting a *de novo* review of the District Court's motion to dismiss order, we accept as true all of the well-pleaded allegations in Kopko's amended complaint and draw all reasonable inferences in her favor. *See McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009). Kopko's factual allegations, however, "must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citation omitted). As a result, the District Court's motion to dismiss order is proper only if, accepting all of Kopko's well-pleaded allegations as true and construing the amended complaint in the light most favorable to her, we determine that she is not entitled to relief under any reasonable reading of the amended complaint. *See McGovern*, 554 F.3d at 115.

In applying a *de novo* review of the District Court's summary judgment order, we construe all evidence in the light most favorable to Kopko. *See Santini*, 795 F.3d at 416. In doing so, summary judgment is appropriate only if there is "no genuine dispute as to any material fact and [LVH] is entitled to judgment as a matter of law." Fed. R. Civ. P.

6

56(a).  A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over material fact is "genuine" if "a reasonable jury could return a verdict for [Kopko]." *Id.*  LVH here bears the burden of identifying specific portions of the record that establish the absence of a genuine dispute of material fact.  *See Santini*, 795 F.3d at 416.  Accordingly, the District Court's summary judgment order is proper only if, construing the evidence in the light most favorable to Kopko, we conclude that there is no genuine dispute of material fact and LVH is due judgment as a matter of law. *See id.*

### III. DISCUSSION

Kopko appeals various aspects of two orders of the District Court: (A) its motion to dismiss order and (B) its summary judgment order.  We address each in turn.

### A. The District Court's Motion to Dismiss Order

As to the District Court's motion to dismiss order, Kopko asserts that it erred in dismissing (1) her PHRA retaliation claim, (2) her purported ADEA retaliation claim, and (3) her Title VII retaliation claim.  We disagree.

Prior to seeking judicial relief under the PHRA, the ADEA, or Title VII, a plaintiff must exhaust all administrative remedies.  *See Colgan v. Fisher Sci. Co.*, 935 F.2d 1407, 1414 (3d Cir. 1991); *Richardson v. Miller*, 446 F.2d 1247, 1248 (3d Cir. 1971).[2]  The test for exhaustion is "whether the acts alleged in the subsequent [judicial complaint] are

---

[2] On appeal, Kopko does not contest the District Court's determinations regarding the timeliness of her filings; we thus do not address that requirement here.

7

fairly within the scope of the prior [administrative charge], or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (citation omitted). The legal analysis for exhaustion is thus not limited to the four corners of the administrative charge. *See Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984). Rather, the legal analysis turns on whether the allegations in the judicial complaint are reasonably related to those in the administrative charge. *See Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 967 (3d Cir. 1978) (suggesting that the analysis asks whether there is a "close nexus between the facts" in the administrative charge and those in the judicial complaint); *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 399 (3d Cir. 1976) (indicating that the analysis depends on whether the judicial complaint's additional allegations "may fairly be considered explanations of the original [administrative] charge and growing out of it").

1. The District Court Did Not Err in Dismissing Kopko's PHRA Retaliation Claim

The District Court assessed Kopko's PHRA retaliation claim in two parts: one for age retaliation and one for public-accommodation retaliation. It dismissed the former component for failure to exhaust administrative remedies and dismissed the latter component as having been abandoned. We agree.

*a. Age Retaliation Under the PHRA*

Kopko indeed failed to exhaust any claim for age retaliation under the PHRA. In her administrative charge, Kopko alleged a sole ground for retaliation: that LVH retaliated against her for opposing the hospital's practice of discriminating against patients of protected classes. *See* App. 44–45 (alleging that LVH was "discriminatory to those patients who were members of protected classes," that Kopko "spoke with an

8

[LVH] supervisor concerning the conduct . . . [that] violate[d] the rights of patients . . . of . . . protected classes," and that LVH "retaliated against [her] for opposing and reporting [that] discriminatory conduct"); *id.* at 46 (alleging that Kopko was "retaliated against for openly discussing the specific discriminatory practices . . . which discriminated against members of the protected classes, for opposing said practices[,] and [for] complaining about [the] same to a supervisor"). Nowhere in the administrative charge exists an allegation that LVH retaliated against Kopko for opposing the hospital's age discrimination against employees.

The administrative charge does include a general allegation that LVH discriminated against Kopko because of her age. But it is still devoid of any mention of Kopko's opposition to such age discrimination that could have resulted in LVH's retaliating against her. We have explicitly declined to adopt a rule that a plaintiff's allegation of discrimination in an administrative charge also *per se* exhausts any retaliation claim. *See Waiters*, 729 F.2d at 237 n.10. We likewise refuse to do so here, where Kopko's claims of age retaliation are not reasonably related to her claims of age discrimination or public-accommodation retaliation. For one, Kopko's administrative charge lacks any allegation that she opposed age discrimination against LVH's employees; without such mention, the administrative agency would have had no reason to investigate any potential age retaliation. Moreover, retaliation for opposing discrimination against patients is unlike that for opposing discrimination against employees: for example, the witnesses, records, and laws the administrative agency would investigate and apply for the two types of retaliation do not have a close nexus.

9

We thus determine that Kopko has not exhausted her administrative remedies on her claim for age retaliation under the PHRA, since the facts underpinning that claim are not fairly within the scope of an investigation arising out of her administrative charge.

*b. Public-Accommodation Retaliation Under the PHRA*

Kopko also abandoned any claim for public-accommodation retaliation under the PHRA.[3] In her original complaint, Kopko indeed raised such a claim. *See* Suppl. App. 47–51 (chronicling LVH's "discriminatory practices . . . [against] patients who were members of the protected classes," Kopko's "oppos[ition] and complain[ts] about [these] discriminatory practices," and how Kopko "became the victim of retaliation . . . due to her opposition to [these] discriminatory practices" which "violated . . . the [entirety of the PHRA]"). But Kopko abandoned this claim in her amended complaint. *See* App. 134–35 (referencing only "[s]ection 5(a)" of the PHRA). *Compare* 43 Pa. Stat. Ann. § 955(a) (expressing that section 5(a) of the PHRA only concerns discrimination by an "employer") *with id.* § 953 (indicating that section 3 of the PHRA may concern a provider of "public accommodation[s]"). Put another way, by its own terms, the count for PHRA retaliation in Kopko's amended complaint is limited to discrimination by an employer against an employee—not, as she now argues, discrimination by the provider of public accommodations against patients. Accordingly, any such claim Kopko may have

---

[3] Despite the apparent lack of case law support for such a claim, we need not address—and thus do not decide—whether the PHRA allows a hospital employee to bring a claim against the hospital for retaliating against the employee due to the employee's opposition to the hospital's alleged violations of the statute's public-accommodation provisions.

raised in her original complaint was abandoned by her amended complaint. *See, e.g.*, *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint super[s]edes the original version[.]").

\* \* \*

Because Kopko failed to exhaust the administrative remedies for her claim of age retaliation under the PHRA and abandoned her claim of public-accommodation retaliation under the PHRA, the District Court properly dismissed the entirety of her PHRA retaliation claim.

### 2. The District Court Did Not Err in Dismissing Kopko's Purported ADEA Retaliation Claim

Kopko reads an ADEA retaliation claim into the count of her amended complaint generally alleging age discrimination under the ADEA. Noting that the amended complaint did "not include a count for ADEA retaliation," although it perhaps contemplated such a claim elsewhere, the District Court nonetheless dismissed the purported claim for failure to exhaust administrative remedies. App. 8 & n.2. We agree for substantially the same reasons explained above. *See supra* section III.A.1.a. Accordingly, the District Court properly dismissed Kopko's purported ADEA retaliation claim.

### 3. The District Court Did Not Err in Dismissing Kopko's Title VII Retaliation Claim

The District Court also dismissed Kopko's Title VII retaliation claim for failure to exhaust administrative remedies. Again, we agree for substantially the same reasons

11

outlined above. *See id.* Thus, the District Court properly dismissed Kopko's Title VII retaliation claim.

## B. The District Court's Summary Judgment Order

As to the District Court's summary judgment order, Kopko asserts that it erred in granting LVH summary judgment on her ADEA and PHRA age discrimination claims. We disagree.

As relevant here, the ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Similarly, the PHRA makes it illegal for an employer, "because of the . . . age . . . of any individual[,] . . . to discharge from employment such individual . . . or to otherwise discriminate against such individual . . . with respect to compensation, hire, tenure, terms, conditions[,] or privileges of employment." 43 Pa. Stat. Ann. § 955(a). Since these provisions of both statutes are "analogous," they follow the same analysis. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 644 n.5 (3d Cir. 1998).

Because Kopko relies on circumstantial evidence of age discrimination, the relevant analysis is set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Keller v. Orix Credit All., Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997) (reaffirming application of a "slightly modified version of [the *McDonnell Douglas* framework] in ADEA cases"). First, Kopko must establish a *prima facie* case of discrimination by showing that she (1) is at least 40 years old, (2) suffered an adverse employment

decision, (3) was qualified for the position in question, and (4) was ultimately replaced by another employee who was sufficiently younger so as to support an inference of discriminatory motive. *See Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013). Since Kopko was not directly replaced, she can satisfy the fourth element with facts that, "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citation omitted).

Second, if Kopko establishes her *prima facie* case, the burden shifts to LVH to "articulate a legitimate[,] nondiscriminatory reason for the adverse employment action." *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 412 (3d Cir. 1999) (citation omitted). LVH need not prove the articulated reason was the actual reason for Kopko's termination; rather, it need only provide evidence that would allow the factfinder to determine that the termination was for nondiscriminatory reasons. *See Willis*, 808 F.3d at 644.

Third, if LVH carries its burden, the burden shifts back to Kopko to show, by a preponderance of the evidence, that LVH's proffered legitimate, nondiscriminatory reason is pretextual. *See id.* She may do so in two ways: (1) by "point[ing] to evidence that would allow a factfinder to disbelieve [LVH's] reason" for her termination by identifying "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in LVH's proffered reason so as to "satisfy the factfinder that [LVH's] actions could not have been for nondiscriminatory reasons"; or (2) by "point[ing] to evidence that would allow a factfinder to believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [LVH's] action" by

13

identifying evidence that LVH (a) "previously discriminated against" Kopko,

(b) "discriminated against others within [Kopko's] protected class," or (c) "has treated

similarly situated, substantially younger individuals more favorably." *Id.* at 644–45

(citations and internal quotation marks omitted). If Kopko satisfies her burden here, then

she must convince the factfinder at trial that LVH's proffered reason is false and the real

reason was impermissible discrimination. *See Fuentes v. Perskie*, 32 F.3d 759, 763 (3d

Cir. 1994).

### 1. The District Court Did Not Err in Granting LVH Summary Judgment on Kopko's ADEA and PHRA Age Discrimination Claims

For two independent reasons, the District Court granted LVH summary judgment

on Kopko's claims for age discrimination under the ADEA and PHRA: because Kopko

(1) failed to satisfy the fourth element of her *prima facie* age discrimination case and

(2) failed to demonstrate that the reason LVH proffers for her termination—her violating

its HIPAA confidentiality policy—is pretextual. We agree.

As an initial matter, we note that Kopko's brief on appeal is devoid of any

argument that the District Court incorrectly determined that she failed to satisfy the

fourth element of her *prima facie* case. Instead, Kopko devotes the entirety of the

relevant section of her brief to arguing that LVH's proffered reason for her termination is

pretextual. That, on its own, is fatal to Kopko's appeal of the District Court's summary

judgment order. *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993) ("Because the

plaintiffs have not contested two of the four independent grounds upon which the district

14

court based its grant of summary judgment, each of which is individually sufficient to support that judgment, we must affirm." (citation omitted)).

Nonetheless, given the potential similarity of some considerations related to the District Court's two reasons for granting summary judgment, we continue our trek to the evidence. At this stage, Kopko chiefly contends that LVH's proffered reason for her termination is pretextual because she never actually violated the hospital's HIPAA confidentiality policy. Though she concedes that she spoke with Bavaria, accessed JM's confidential information, referred a physician to Bavaria for JM, and did so without obtaining JM's prior permission, Kopko plants her flag on her contention that she did not disclose JM's confidential information to Bavaria. *See* App. 15 & 36 n.17.

But that is immaterial because the critical question at this stage is not whether Kopko actually violated the HIPAA confidentiality policy; rather, it is whether LVH honestly and reasonably believed that Kopko violated the policy. *See id.* at 32–33 (collecting cases). In other words, the "question is not whether [Kopko] made the best, or even a sound, business decision; it is whether the real reason is [discrimination]." *Keller*, 130 F.3d at 1109 (second alteration in original) (citation omitted). Assessing the evidence in the light most favorable to Kopko—even entirely crediting her evidence indicating, among other things, Prokurat's age "animosity," Appellant's Br. 49; LVH's "flawed and incomplete" investigation of JM's complaint, *id.* at 48; and LVH's treating younger employees more favorably than it treats older employees, *see id.* at 34—Kopko has not demonstrated that the real reason for her termination was discrimination, for substantially the same reasons ably and thoroughly explained by the District Court. *See*

15

App. 30–41 (explaining that no reasonable juror could conclude that LVH's decision to terminate Kopko was motivated by her age because (1) LVH honestly and reasonably believed Kopko violated its HIPAA confidentiality policy, (2) LVH did not need to undertake a more extensive investigation of JM's complaint given the conclusiveness of its findings and Kopko's concessions, (3) it is immaterial that LVH refused to consent to arbitration, (4) many of Kopko's proffered comparators were not similarly situated to her, and (5) the undisputed fact that most of the employees terminated by LVH for violating its HIPAA confidentiality policy were under the age of 40 belies Kopko's contention that the hospital treated younger employees more favorably than older employees).

Thus, because Kopko does not contest the District Court's alternate ground for summary judgment and, regardless, she cannot demonstrate that LVH's proffered reason for her termination is pretextual, the District Court properly granted summary judgment to LVH on Kopko's claims for age discrimination under the ADEA and PHRA.

## IV. CONCLUSION

For the reasons set forth above, we will affirm both of the District Court's orders on appeal.